# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

### v.

### Thomas N. SURBROOK
### Storekeeper Second Class (E-5), U.S. Coast Guard

### CGCMG 0192

### Docket No. 1201

### 23 February 2005

General Court-Martial convened by Commander, Seventh Coast Guard District. Tried at Coast Guard Air Station Clearwater, Florida, on 25 August 2003.

| | |
|---|---|
| Military Judge: | COL Dan Trimble, JAGC, USA |
| Trial Counsel: | LT Scott C. Hale, USCG |
| Defense Counsel: | LT Anne Y. Marks, JAGC, USNR |
| Assistant Defense Counsel: | LT Lee R. McElroy, JAGC, USNR |
| Appellate Defense Counsel: | LT Laurina M. Spolidoro, USCG |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL NINE
### BAUM, McCLELLAND, & TEAL
Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: six specifications of larceny of U.S. Coast Guard funds in the amounts of $2,400.00, $2,450.00, $2,450.00, $2,450.00, $2,000.00, and $2,400.00, respectively, in violation of Article 121, Uniform Code of Military Justice (UCMJ).

The military judge sentenced Appellant to a bad-conduct discharge, confinement for one year and nine months, forfeiture of all pay and allowances, and reduction to E-1. The Convening Authority approved the discharge, forfeiture, and reduction as adjudged, but approved only

eighteen months confinement and suspended that part in excess of twelve months for twelve months from the date of sentencing pursuant to the terms of the pretrial agreement.

Before this Court, Appellant has asserted three errors: (1) that the promulgating order incorrectly reflects the plea to Specification 7 of Charge I, incorrectly reflects the charge in Charge I, and incorrectly identifies Appellant, (2) that the pleas were improvident because the military judge failed to ensure that Appellant understood the meaning and effect of each condition of the pretrial agreement, and (3) that defense counsel provided ineffective assistance by failing to inform Appellant of the Government's willingness to negotiate a pretrial agreement that would cause the case to be referred to a special court-martial rather than a general court-martial. The Government agrees that the promulgating order contains errors as noted by Appellant and concurs in our ordering its correction. The Government also notes that the Convening Authority's action contains the wrong social security number for Appellant and submits that should also be corrected. We agree and direct the Government to provide the Convening Authority with the correct information so the Convening Authority can issue a corrected promulgating order and Convening Authority's action. We find no merit in the other assignments of error and they are rejected.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence approved and partially suspended below are affirmed. A supplemental copy of the Convening Authority's action and the promulgating order shall be issued by the Convening Authority to correct the errors noted by Appellant and the Government.

For the Court,



Roy Shannon Jr.
Clerk of the Court